UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                  CRIMINAL ACTION

WILLIAM T. HOOVER                       NUMBER 11-100-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 10, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION

WILLIAM T. HOOVER                         NUMBER 11-100-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner William T. Hoover.

For the reasons which follow, the petitioner's § 2255 motion should be denied.

## I. Procedural History

On December 12, 2011, the petitioner pled guilty to one count Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) (Count 1), and one count Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j) (Count 2) in the United States District Court for the Middle District of Louisiana. Petitioner was sentenced to serve a total term of 120 months of imprisonment in the custody of the United States Bureau of Prisons, followed by a three-year term of supervised release on each count, the terms to run concurrently. Judgment was entered on April 16, 2012. Petitioner did not appeal.

Petitioner signed his § 2255 motion on March 18, 2013, and it was filed on March 28, 2013.  Petitioner asserted three grounds for relief:

Ground One:    he was denied effective assistance of counsel when counsel failed to investigate and produce court documents showing that he was not represented by counsel in two prior state court convictions affecting his criminal history;

Ground Two:    he was denied effective assistance of counsel when counsel failed to object to the inclusion of criminal history points from a March 20, 2001 conviction; and,

Ground Three:  he was denied effective assistance of counsel when counsel failed to further develop evidence related to the petitioner's mental health issues and to move the district court for a downward departure based on diminished capacity.

On September 9, 2013, the petitioner was granted leave to file a supplemental supporting memorandum.[1]  Petitioner argued that the Sentencing Guidelines were misapplied to his case.

Petitioner's § 2255 motion was filed timely.  No evidentiary hearing is required.

## II. Applicable Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the

---

[1] Record document number 42.

3

sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

**Grounds One, Two and Three: Ineffective Assistance of Counsel**

In Grounds One, Two and Three the petitioner argued that he was denied effective assistance of counsel.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" **and** "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).  To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064.  To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

The same test applies when a petitioner alleges ineffective assistance of counsel in the context of a guilty plea.  *Hill v.*

*Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985).  To satisfy the second prong of this test, the petitioner must show that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.  To meet the prejudice prong, the defendant must affirmatively prove, and not merely allege, prejudice. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986).

A defendant must satisfy **both** prongs of the *Strickland* test to succeed on an ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.  A court is not required to address these prongs in any particular order. *Id*.  If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id*.

### Ground One: Failure to Produce State Court Documents

In Ground One the petitioner argued that he was denied effective assistance of counsel when counsel failed to investigate two prior state court convictions and produce court documents showing that he was not represented by counsel in those prior state court convictions, thereby affecting his criminal history score.

The record showed that counsel filed a Memorandum in Support of Objections to the Presentence Report in which he objected to the

Presence Report ("PSI") insofar as it attributed criminal history points to the defendant based upon a conviction where attorney representation could not be determined.[2]  At sentencing, the district judge considered the objection and concluded that the defendant had failed to establish that he was not represented by counsel in the state court proceedings.[3]  More importantly, the petitioner concedes[4] that the record evidence supports a finding that he was indeed represented by counsel during the state court proceedings.[5]  Petitioner's ineffective assistance of counsel claim related to counsel's failure to investigate the two prior state court convictions and produce court documents is without merit.

### Ground Two: Failure to Object to Criminal History Points

In Ground Two the petitioner argued that he was denied effective assistance of counsel when counsel failed to object to the inclusion of criminal history points for a March 20, 2001 conviction.  Petitioner argued that the conviction was imposed more than 10 years before the commencement of the instant offense and, in accordance with U.S.S.G. §§ 4A1.2(e)(2), should not have been

---

[2] Record document number 25, pp. 1-3.

[3] Record document number 37, Transcript of Sentencing Hearing, pp. 4-10.

[4] Record document number 40, p. 2.

[5] Record document number 34-1 and 34-2, Exhibits A and B, respectively.

6

counted.

U.S.S.G. § 4A1.2(e)(2) provides that "Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted."

The record showed that the petitioner committed the instant offense on January 20, 2011.[6]  Because the defendant's two convictions for simple battery on March 20, 2001, were imposed within 10 years of the defendant's commission of the instant offense on January 20, 2011, they were properly included in his criminal history score.

Petitioner's ineffective assistance of counsel claim related to counsel's failure to object to the inclusion of criminal history points for a March 20, 2001 state court conviction is without merit.

### Ground Three: Failure to Move for a Downward Departure

In Ground Three the petitioner argued that he was denied effective assistance of counsel when counsel failed to further develop evidence related to the petitioner's mental health issues and to move for a downward departure based on diminished capacity. In addition, the petitioner argued that he was denied effective assistance of counsel when counsel failed to call his mother to testify on his behalf regarding his mental health history.

---

[6] Record document number 1.

7

As the United States noted in its opposition memorandum, had the plaintiff made and tried to support a diminished capacity argument the court would not - indeed, could not - have departed downward. And such an argument would not have been a reasonable strategy because it would have also called into question the sincerity of the petitioner's acceptance of responsibility.[7]

Furthermore, the petitioner has not alleged facts showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)(quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985)).

Outside the guilty plea context the petitioner's claim would still fail. Even if the petitioner's factual allegations about his counsel's performance at sentencing were proven, and even if such facts constituted deficient performance by his counsel at sentencing, his claim would still fail because he has not shown prejudice. Petitioner's argument is that had counsel obtained a neurological evaluation and subpoenaed his family members and doctors who evaluated and treated him he would have acquired sufficient evidence to support a motion for a downward departure and ultimately would have received a lesser sentence. But there is nothing in the sentencing transcript or elsewhere in the record

---

[7] Record document number 34, pp. 8-9.

which supports finding that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,"[8] meaning that the district judge would have agreed with his counsel's argument and imposed a lesser or different sentence.[9]

### Ground Four: Sentencing Guidelines Misapplied

In Ground Four the petitioner argued that the Sentencing Guidelines were misapplied to his case. Petitioner contends that court incorrectly applied an offense level 22 rather than the applicable guidelines range of 20. Petitioner asserted that the recent decision in *Peugh v. United States*, _____ U.S. _____, 133 S.Ct. 2072, 186 L.Ed.2d 84 (June 10, 2013), is applicable retroactively to his § 2255 motion.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978 (1992)). Under 28 U.S.C. § 2255, a petitioner can

---

[8] *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

[9] The district judge indicated that after reading the PSI his initial reaction was to upwardly depart. Record document number 37, Sentencing Transcript, p. 20. An argument which would have cast doubt on the petitioner's acceptance of responsibility would have risked losing the two offense level reduction.

collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Petitioner's allegation that the Sentencing Guidelines were misapplied in his case do not give rise to a constitutional issue cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)).  Under § 2255, a petitioner may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *Faubion*, 19 F.3d at 233 (defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in post-conviction proceeding to vacate, set aside, or correct sentence).

Moreover, contrary to the petitioner's assertion, *Peugh* is inapplicable to the instant case.  *Peugh* held that "[a] retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." *Peugh*, 133 S.Ct. at 2084. The Supreme Court holding, however, does not apply retroactively on collateral review.  *See Hawkins v. United States*, 724 F.3d 915, 917-18 (7th Cir. 2013) ("the implication is that the rule announced in *Peugh* [which is a procedural one] won't be applied retroactively.")

10

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

Baton Rouge, Louisiana, December 10, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

11