UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| WILLIAM HOOVER | NO.: 11-00100-BAJ-RLB |

ORDER

Before the Court is the **Motion to Vacate Sentence (Doc. 51)**, in which William Hoover ("Petitioner") argues that after *Johnson v. United States*, 576 U.S. –––, 135 S.Ct. 2551 (2015), his sentence should be vacated because this Court found that he had at least one prior felony conviction for a "crime of violence" as defined by the residual clause of U.S.S.G § 4B1.2. The United States argues that Petitioner did not file the requisite petition with the United States Court of Appeals for the Fifth Circuit to allow a successive 28 U.S.C. § 2255 motion. (Doc. 57 at p. 2).

Section 2255 bars a federal prisoner from filing a second or successive motion to vacate, set aside, or correct a sentence unless the appropriate court of appeals certifies that the petition either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) is premised on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

1

Here, Petitioner previously filed a § 2255 motion challenging his sentence. (Doc. 30). The Court denied his motion (Doc. 45), and the Fifth Circuit denied Petitioner's motion for a certificate of appealability. (Doc. 50). Therefore, the pending Motion to Vacate is a second or successive § 2255 motion, and Petitioner must seek authorization from the Fifth Circuit to file his § 2255 motion in this Court.[1]

Additionally, Petitioner's Motion to Appoint Counsel (Doc. 53) is denied because there is no constitutional right to counsel in a § 2255 proceedings. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). The Court will, however, grant Petitioner's Motion to Proceed In Forma Pauperis because he has met the requirements of 28 U.S.C. § 1915. (*See* Doc. 52)

Accordingly,

**IT IS ORDERED** that the **Motion to Vacate (Doc. 51) is DENIED.**

**IT IS FURTHER ORDERED** that the **Motion to Proceed In Forma Pauperis (Doc. 52) is GRANTED.**

**IT IS FURTHER ORDERED** that the **Motion to Appoint Counsel (Doc. 53) is DENIED.**

Baton Rouge, Louisiana, this 4th day of October, 2017.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] If the Court had jurisdiction to consider Petitioner's § 2255 motion, it would deny it for the reason that in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), the Supreme Court held that the residual clause of § 4B1.2 is not void for vagueness.

2